COMMONWEALTH *vs.* GARY P. COTE.

No. 08-P-624.

Worcester. January 6, 2009. - July 29, 2009.

Present: LENK, SIKORA, & WOLOHOJIAN, JJ.

*Constitutional Law,* Assistance of counsel, Waiver of constitutional rights.
*Practice, Criminal,* Appeal.

A District Court judge erred in denying the criminal defendant's motion for a
   new trial, where the defendant's waiver of his right to retain counsel was
   constitutionally ineffective, in that although the judge informed the defend-
   ant of his right to counsel and of his need to choose between hiring an at-
   torney and proceeding pro se (the defendant not being entitled to court-
   appointed counsel because he had been informed on the record that he
   would not face a jail sentence if found guilty of the misdemeanor with
   which he was charged), the judge neither advised him of the perils of self-
   representation nor asked any questions designed to establish that the defend-
   ant understood the implications of his choice, nothing in the record sug-
   gested that the defendant had prior experience with the criminal justice
   system or any legal sophistication, and the defendant's signed waiver of
   counsel form, which did not contain the required certification, did not
   provide evidence that the judge had conducted a proper colloquy. [711-714]
This court concluded that a District Court judge's failure to advise the criminal
   defendant of his right to appeal was harmless error, where the defendant's
   appeal from the denial of a motion for a new trial accorded him the same
   relief he would have received had he filed a direct appeal. [714]

COMPLAINT received and sworn to in the Fitchburg Division of
the District Court Department on April 8, 2003.

The case was tried before *Andrew L. Mandell,* J., and a mo-
tion for a new trial, filed on September 6, 2005, was heard by
him.

*Allison J. Koury* for the defendant.

*Patricia Flannery,* Assistant District Attorney, for the
Commonwealth.

LENK, J. On May 5, 2003, the defendant was arraigned on
one count of negligent operation of a motor vehicle, G. L. c. 90,
§ 24(2)(*a*). At that arraignment, the presiding judge informed

the defendant that because he would not face any jail time for this misdemeanor, he was not eligible to receive appointed counsel. The defendant appeared pro se at his November 4, 2003, jury trial. That same day, the jury found the defendant guilty, and he was sentenced to one year of probation.[1] The defendant, represented by counsel, subsequently filed a motion for a new trial, which was denied. The defendant now appeals, claiming that his motion for a new trial was erroneously denied because (a) he did not knowingly and voluntarily waive his right to counsel, and (b) he was not advised of his right to file a direct appeal after his guilty verdict was entered. We reverse.

*Background.* At the defendant's arraignment, the judge told the defendant, "You have the right to have a lawyer represent you. You're not eligible for a court-appointed lawyer even if you are indigent, because if convicted, no jail sentence would be imposed. You can go out and hire your own lawyer, or represent yourself. What do you wish to do?" The defendant replied, "Sir, I've already spoken with the probation officer. I'm going to have the court appoint a lawyer." The judge again informed the defendant that he was not eligible for a court-appointed lawyer, saying, "I have something to say about that . . . . You may be indigent as a matter of law. I don't know. But even if you are, because this is a misdemeanor and I've ruled that no jail sentence is going to be imposed, that as a matter of law you're not entitled to a court-appointed lawyer." The defendant replied, "Okay, I understand, sir," and the judge again informed the defendant that "[y]ou can represent yourself or hire your own lawyer." The defendant replied, "I'll represent myself." The judge presented the defendant with a waiver of counsel form, which the defendant signed. The defendant then had a conference with an assistant district attorney, after which the judge inquired, "You're representing yourself. Correct, sir?" The defendant replied in the affirmative.

---

[1] The jury could have found the following. On March 14, 2003, the defendant was attempting to pull his car out of a parking lot onto South Street in Fitchburg, a heavily trafficked road. A passing driver did not let the defendant pull out, and held up his hand in a motion for the defendant to halt. The defendant then pulled out onto South Street, and eventually caught up with this passing driver. The defendant began driving in an aggressive manner, pulling up very close to the rear of the other driver's car, maneuvering alongside the other driver, and making angry hand gestures. A third driver called 911 to report the defendant's erratic driving, which continued for approximately two miles.

Several months later, at a trial assignment hearing, a clerk asked the defendant if he had an attorney, and the defendant replied, "No, I don't." The clerk asked what the defendant would like to do with his case, and the defendant replied, "I would like to have a trial date, please." No further discussion of defendant's representation occurred when the defendant appeared at trial on November 4, 2003.

*Waiver of counsel.* The defendant acknowledges that he was not entitled to court-appointed counsel at trial under G. L. c. 211D, because he was informed on the record that he would not face a jail sentence if found guilty of the misdemeanor with which he was charged. Likewise, the Commonwealth acknowledges that in such circumstances, the defendant nonetheless enjoyed a constitutional right to counsel at every stage of his case, although he would have had to hire his own attorney. See *Commonwealth* v. *Means*, 454 Mass. 81, 89-90 (2009). See also *United States* v. *Bauer*, 956 F.2d 693, 695 (7th Cir.), cert. denied, 506 U.S. 882 (1992) ("Doubtless any defendant should be well warned of the dangers before he sets out to represent himself — whether by spurning proffered counsel or by refusing to dig into his pockets"). As there is no debate that the defendant had a right to counsel,[2] "[t]he focus of our review is the defendant's subjective understanding of his decision [to proceed pro se] and its consequences. See *Commonwealth* v. *Lee*, 394 Mass. 209, 216-217 (1985). We must be confident that the defendant was 'adequately aware of the seriousness of the charges, the magnitude of his undertaking, the availability of advisory counsel, and the disadvantages of self-representation,' *Commonwealth* v. *Jackson*, 376 Mass. 790, 795 (1978)," before concluding that he made a knowing and intelligent waiver of his right to counsel. *Commonwealth* v. *Martin*, 425 Mass. 718, 720 (1997), quoting from *Commonwealth* v. *Barnes*, 399 Mass. 385, 390-391 (1987).

---

[2]As provided by the Sixth Amendment to the United States Constitution, "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . have the assistance of counsel for his defence." See *Powell* v. *Alabama*, 287 U.S. 45, 68-69 (1932) ("The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel"). The right to counsel is independently guaranteed by art. 12 of the Massachusetts Declaration of Rights ("And every subject shall have a right to . . . be fully heard in his defence by himself, or his counsel, at his election"), as well as by G. L. c. 263, § 5 ("A person accused of crime shall at his trial be allowed to be heard by counsel . . .").

Although the defendant was made well aware that counsel would not be appointed for him, he is nonetheless able to meet his burden on appeal: based on the record before us, we are satisfied that the defendant did not make a knowing and intelligent waiver of his right to retain counsel. See *Commonwealth v. Lee, supra* at 218 ("defendant must establish that his waiver of counsel was ineffective because it was not intelligently made"); *Commonwealth v. Barnes, supra* at 391. While the Commonwealth is correct that there are no "prescribed" questions that a judge must ask in order to make a defendant's waiver of counsel constitutionally effective, *Commonwealth v. Barnes, supra* at 390, here the judge "made no inquiry of the defendant, nor did [he] provide him with any information." *Commonwealth v. Mullen,* 72 Mass. App. Ct. 136, 141 (2008) (denial of motion for new trial reversed where motion judge did not conduct adequate colloquy before allowing defendant to proceed pro se).

Although the judge in this case informed the defendant of his right to counsel and of his need to choose between hiring an attorney and proceeding pro se, the judge neither advised him of the perils of self-representation nor asked any questions designed to establish that the defendant understood the implications of his choice. Compare *Commonwealth v. Lee, supra* at 211 n.2, 218-219 (waiver of counsel effective where, among other things, judge asked defendant if he understood that proceeding pro se was "foolish"); *Commonwealth v. Barnes, supra* at 387 (waiver of counsel effective where, among other things, judge "more fully explained the disadvantages to [the defendant] of his course of action"); *Commonwealth v. Martin, supra* at 720 (waiver of counsel effective where judge informed defendant "that self-representation required an understanding of . . . 'involved' legal concepts," and defendant indicated that he understood the consequences "if he represented himself poorly").

Nor is there anything in the record to suggest that the defendant had prior experience with the criminal justice system or any legal sophistication, such that we could infer that he understood the import of his decision not to retain counsel. See *Commonwealth v. Pamplona,* 58 Mass. App. Ct. 239, 241 (2003), quoting from *Commonwealth v. Carsetti,* 53 Mass. App. Ct. 558, 565 (2002) ("The determination of waiver may properly be based on

the background, experience, and conduct of the accused and the circumstances of the case"). On the contrary, the record is silent as to whether the defendant had been charged with a crime prior to this one, let alone had participated in a previous trial. The record does reveal, however, that his clumsy performance at trial bore no indicia of legal sophistication. Contrast *Commonwealth* v. *Lee, supra* at 219 (defendant's legal sophistication contributed to conclusion that waiver of counsel was knowing and voluntary); *Commonwealth* v. *Moran*, 17 Mass. App. Ct. 200, 209 (1983) (same).

We next consider the defendant's signed waiver of counsel form. Unfortunately, the waiver form used by the lower court in this case does not "contain the certification required by S.J.C. Rule 3:10, as amended, 416 Mass. 1306 (1993), which requires that waiver of counsel be accomplished by signing a form that contains a certificate signed by the judge that he or she has properly informed the defendant . . . of his or her right to counsel, and that the party has knowingly elected to proceed without a lawyer." *Commonwealth* v. *Mullen, supra* at 142. The record does not suggest that the judge signed any such certificate in this case. Thus, while it is true that even the absence of a signed form would not be conclusive on the issue of waiver, neither can we use this particular signed form as evidence that the judge conducted a proper colloquy. See *Commonwealth* v. *Wolf*, 34 Mass. App. Ct. 949, 950 (1993) ("absence of the signed form does not establish conclusively that no valid waiver took place"); *Commonwealth* v. *Mullen, supra* at 142 ("The judge's signing of the required certification, while not conclusive, provides some evidence that the defendant's waiver is knowing and intelligent").

Where, as here, the defendant does not face a loss of his liberty, less may well be needed to show that he made a knowing and intelligent waiver of counsel than would be the case with a defendant facing more serious charges.[3] In this case, however, "there is nothing in the record from which we can establish . . . that the

---

[3]We note that while the defendant was not subject to any jail time on the misdemeanor charge, he was sentenced to probation, a violation of which could presumably lead to the imposition of a jail sentence. In fact, the trial judge so informed the defendant at sentencing: "[A] violation of your probation order [would] leav[e] a judge in the position of having discretion to give you a jail sentence if he or she felt it was appropriate."

defendant subjectively understood his decision and its consequences." *Commonwealth* v. *Mullen, supra* at 143. We therefore conclude that the defendant's waiver of his right to hire counsel was constitutionally ineffective, and we reverse the order denying the defendant's motion for a new trial.

*Failure to advise of right to appeal.* The Commonwealth acknowledges that the defendant was not advised of his right to appeal after his guilty verdict was entered, as is required by Mass.R.Crim.P. 28(c), 378 Mass. 898 (1979) ("After a judgment of guilty is entered, the court shall advise the defendant of his right to appeal"). However, because the defendant has not apprised this court of any issues he would have raised in a direct appeal that are not currently before us in this motion for a new trial, we conclude that the defendant has been accorded the same relief that he would have been had he filed a direct appeal. Accordingly, the failure to comply with Mass.R.Crim.P. 28(c) is harmless error.

*Order denying motion for new trial reversed.*