COMMONWEALTH vs. DARCI T. DACOSTA.

No. 13-P-1249.

Worcester. March 7, 2014. - May 30, 2014.

Present: KATZMANN, RUBIN, & CARHART, JJ.

*Motor Vehicle,* Operating under the influence. *Evidence,* Blood alcohol test, Breathalyzer test, Intoxication. *Intoxication.*

At the trial of a criminal complaint charging operating a motor vehicle with a blood alcohol level of .08 percent or greater, in violation of G. L. c. 90, § 24(1)(a)(1) (i.e., a "per se" violation of the statute), the District Court judge erred in allowing the defendant's postverdict motion for a required finding of not guilty, where evidence of the results of two breathalyzer tests, administered no more than fifty-five minutes after the defendant's operation of a motor vehicle and showing the defendant's blood alcohol level to be .09 percent, was sufficient (without the necessity of retrograde extrapolation evidence) to sustain his conviction, in that the tests were administered within a reasonable time of operation of the vehicle. [388-389]

COMPLAINT received and sworn to in the Westborough Division of the District Court Department on July 9, 2012.

The case was tried before *Andrew M. D'Angelo,* J., and a postverdict motion for a required finding of not guilty was heard by him.

*Jane A. Sullivan,* Assistant District Attorney, for the Commonwealth.

*Darla J. Mondou* for the defendant.

RUBIN, J. The Commonwealth appeals from a trial court judge's allowance of defendant Darci T. Dacosta's motion for a required finding of not guilty following the defendant's conviction at a jury trial of operating a motor vehicle with a blood alcohol level of .08 percent or greater in violation of G. L. c. 90, § 24(1)(*a*)(1). See Mass.R.Crim.P. 25(b)(2), as amended, 420 Mass. 1502 (1995) (rule 25[b][2]).

The defendant was arrested after the pickup truck he was

driving was pulled over for an inspection sticker violation. The officer who pulled the truck over observed that the defendant's speech was slurred, his eyes were red and glassy, and his breath smelled moderately of alcohol. The officer conducted two field sobriety tests and concluded that the defendant had failed both. The officer placed the defendant under arrest and brought him to the Northborough police station. At the station, the defendant consented to a breathalyzer test. Two tests were administered, each of which showed his blood alcohol level to be .09 percent. The first reading was taken approximately fifty minutes after the defendant was stopped by the police, and the second was taken approximately fifty-five minutes after the stop.

The case was submitted to the jury on both the theory of operating a motor vehicle while under the influence of intoxicating liquor, and the theory of a "per se" violation of the statute through the operation of a motor vehicle with a blood alcohol level of .08 percent or more. See G. L. c. 90, § 24(1)(*a*)(1), as amended through St. 2003, c. 28, § 1 (providing for punishment of any person who "upon any [public] way . . . , operates a motor vehicle with a percentage, by weight, of alcohol in their blood of eight one-hundredths or greater, or while under the influence of intoxicating liquor"). See also *Commonwealth* v. *Colturi*, 448 Mass. 809, 810 (2007) (*Colturi*). The jury convicted the defendant only on the per se theory, finding that he had operated a motor vehicle with a blood alcohol level of .08 percent or greater.

Following the verdict, the defendant filed a rule 25(b)(2) motion seeking entry of a finding of not guilty. The judge granted the motion, saying:

> "What I don't accept is that I can figure out how the jury could have reached a verdict as to what the blood alcohol level was 50 minutes earlier [than the time when the breathalyzer was administered]. . . . I do not believe that the Commonwealth presented sufficient evidence that a reasonable fact finder could believe that at the time of operation the defendant was operating his motor vehicle with a blood alcohol level of .08 or greater. Therefore I am granting the defendant's motion for a required finding of not guilty notwithstanding the jury's

verdict. . . . I welcome [an appeal by the Commonwealth] because I do believe that the Appellate Courts need to address this issue."

In essence, the judge insisted that the Commonwealth's evidence was insufficient to convict the defendant because the prosecution did not introduce any "retrograde extrapolation" evidence. "Retrograde extrapolation is a mathematical calculation used to estimate a person's blood alcohol level at a particular point in time by working backward from the time the blood alcohol level was tested and factoring in rates of absorption and excretion." *Id.* at 811 n.2, citing *Commonwealth* v. *Senior*, 433 Mass. 453, 459 (2001). Evidence has been presented in some cases tending to show that immediately after drinking alcohol, during the period before it has been completely absorbed into the bloodstream, an individual's blood alcohol level may rise before beginning to fall. See *id.* at 813-814 & n.6. The trial judge's suggestion was that the defendant's blood alcohol level may have risen between the time that he was operating the vehicle and the time of his breathalyzer test. Therefore, the judge believed that the jury could not have concluded beyond a reasonable doubt that the defendant had operated the vehicle with a blood alcohol level of .08 percent or higher.

In *Colturi, supra* at 816, the Supreme Judicial Court held that "breathalyzer test results are admissible in [per se] prosecutions, without the necessity of retrograde extrapolation [evidence], . . . where the tests have been conducted within a reasonable time of the operation of a motor vehicle." Such tests are ordinarily conducted in police stations and, therefore, in most every case the test will be administered sometime after the operation of the vehicle. See *id.* at 813, citing *Commonwealth* v. *Marley*, 396 Mass. 433, 438 (1985). *Colturi* held that "the passage of up to three hours between testing and operation is a reasonable time for this purpose." *Id.* at 816-817. The time lag in the case before us, a period of no more than approximately fifty-five minutes, a fortiori, falls within the reasonable range. After *Colturi*, we stated in *Commonwealth* v. *Filoma*, 79 Mass. App. Ct. 16, 20 (2011), that the Commonwealth could establish guilt under the per se theory by "introduc[ing] evidence of a breathalyzer reading of .08 percent or greater and request[ing]

the judge to instruct the jury that, if they believed the accuracy of that measure, it conclusively established operation under the influence." And, similarly, in *Commonwealth* v. *Rumery*, 78 Mass App. Ct. 685, 688 (2011), we held that "the properly admitted reading of 0.08, by itself, permitted the jury to conclude that the defendant had a blood alcohol level that was above the legal limit." As we noted, the breathalyzer test in that case, like the case before us, was taken at the police station rather than at the place where the motor vehicle was operated. *Id.* at 686.

Under these decisions, then, it is settled law that a breathalyzer test result showing a blood alcohol level of .08 or above, administered within a "reasonable time" of the operation of a motor vehicle, as that phrase was defined in *Colturi*, is sufficient to prove a defendant guilty beyond a reasonable doubt of violating G. L. c. 90, § 24(1)(*a*)(1), under the "per se" theory described above.

The order granting the defendant's rule 25(b)(2) motion is vacated, the jury's verdict is reinstated, and the case is remanded for further proceedings.

*So ordered.*