NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

16-P-1486                                      Appeals Court

COMMONWEALTH  vs.  KEVIN J. FAHERTY.

No. 16-P-1486.

Middlesex.     December 8, 2017. - April 11, 2018.

Present:  Sacks, Ditkoff, & Singh, JJ.


Motor Vehicle, Operating under the influence.  Evidence, Prior
    conviction, Intoxication, Blood alcohol test.  Practice,
    Criminal, Prior conviction, Assistance of counsel,
    Sentence, Required finding.  Constitutional Law, Assistance
    of counsel.  Due Process of Law, Assistance of counsel,
    Blood alcohol test.  Intoxication.


    Complaint received and sworn to in the Woburn Division of
the District Court Department on December 14, 2015.

    The case was tried before David E. Frank, J.


    Tasha Kates for the defendant.
    Gabriel Pell, Assistant District Attorney, for the
Commonwealth.


    DITKOFF, J.  A District Court jury convicted the defendant,

Kevin J. Faherty, of operating under the influence of

intoxicating liquor (OUI), G. L. c. 90, § 24(1)(a)(1).  At a

subsequent jury-waived trial, a District Court judge convicted

the defendant as a fourth offender.  We are faced with the question whether a subsequent offense may be based on a prior conviction for which the defendant was not entitled to (and presumably did not receive) appointed counsel because the prior offense carried no risk of incarceration.  Concluding that it may be, and rejecting the defendant's challenge to the sufficiency of the evidence, we affirm.

1.  Background.  At approximately 2:30 P.M. on July 4, 2015, the defendant was injured while riding his motorcycle on Pond Street in Stoneham.  A Massachusetts State trooper at the scene of the accident noticed a strong odor of alcohol and later discovered four unopened nip bottles of Jim Beam bourbon in the defendant's saddle bag.

The defendant was transported to a hospital.  Hospital records recorded that the defendant's serum alcohol level was 359 milligrams per deciliter.  An expert from the Office of Alcohol Testing at the Massachusetts State Police Crime Laboratory testified that this was the equivalent of a blood alcohol level of between .30 percent and .32 percent.

The defendant testified that the accident was caused by his hitting something in the road while momentarily distracted.  He testified that he did not drink any alcohol prior to the accident but decided to drink six nip bottles of bourbon to dull the pain while waiting for medical assistance.  The jury

convicted the defendant on both a theory of impairment and a theory of having a blood alcohol level of .08 percent or higher.

At the jury-waived trial on the subsequent offense portion of the complaint, the Commonwealth presented evidence that the defendant had received a continuance without a finding for OUI in District Court in 1989.  The Commonwealth then introduced, over objection, evidence of two convictions for OUI in New Hampshire, from 1992 and 2005.  The New Hampshire cases were prosecuted as first offenses, and the defendant received no incarceration but instead was fined and had his license revoked. The judge found the defendant guilty as a fourth offender.

2.  Prior offenses.  In 1967, the United States Supreme Court held that convictions obtained in violation of the right to counsel as established in Gideon v. Wainwright, 372 U.S. 335, 344-345 (1963), may not "be used against a person either to support guilt or enhance punishment for another offense." Burgett v. Texas, 389 U.S. 109, 115 (1967).  Accordingly, convictions obtained in violation of the right to counsel may not be used to impeach a defendant's credibility, see Commonwealth v. Saunders, 435 Mass. 691, 694 (2002), or to determine the length of a defendant's sentence.  See Commonwealth v. Proctor, 403 Mass. 146, 147 (1988).

Since 2002, Massachusetts courts have employed a presumption of regularity (at least regarding post-Gideon

convictions) that the right to counsel in felony cases was honored "unless the defendant first makes a showing that the conviction in issue was obtained without representation by, or waiver of, counsel." Saunders, 435 Mass. at 696. We have applied this presumption to misdemeanors that carry the possibility of incarceration, such as first and second offense OUI, see Commonwealth v. McMullin, 76 Mass. App. Ct. 904, 905 (2010), and to out-of-State convictions. See Commonwealth v. Cuevas, 87 Mass. App. Ct. 205, 207-208 (2015).

Here, the defendant was unable to rebut the presumption of regularity; the New Hampshire court documents say nothing either way about counsel, and the defendant testified merely that he did not remember. The presumption of regularity, however, can carry the Commonwealth only so far. As the defendant points out, there is (and was) no possibility of incarceration for a New Hampshire first offense of OUI. See N.H. Rev. Stat. Ann. § 265-A:18(I)(a) (2014); N.H. Rev. Stat. Ann. § 625:9(IV)(b) (2016).[1] As in Massachusetts, see Lavallee v. Justices in the Hampden Superior Ct., 442 Mass. 228, 241 & n.15 (2004), New Hampshire recognizes no right to appointed counsel in a criminal proceeding in which there is no possibility of incarceration.

---

[1] For the relevant statutes in effect at the time of the earlier offenses, see N.H. Rev. Stat. Ann. § 265:82(I) (2004); N.H. Rev. Stat. Ann. § 265:82-b(I)(a) (2004).

State v. Weeks, 141 N.H. 248, 250 (1996).  Accord State v. Westover, 140 N.H. 375, 377-379 (1995).  Accordingly, although we may presume that the defendant's right to retain counsel at his own expense, see Commonwealth v. Cote, 74 Mass. App. Ct. 709, 711 (2009), was properly honored, see Saunders, 435 Mass. at 694, 696, the presumption of regularity gives us no confidence that the defendant was offered appointed counsel in New Hampshire.  Indeed, the presumed regularity would be that the defendant was not offered appointed counsel.

We must, therefore, address the question whether a conviction, properly obtained without the provision of appointed counsel because there was no possibility of incarceration, may be used in a subsequent prosecution for a crime that carries the possibility of incarceration.  The United States Supreme Court has squarely held that this is permissible under the Sixth Amendment to the United States Constitution.  Nichols v. United States, 511 U.S. 738, 748-749 (1994).[2]  The Court observed that

---

[2] Indeed, the United States Supreme Court went further and allowed the use of an uncounseled conviction that resulted in no incarceration, even if incarceration had been a possibility.  Nichols, 511 U.S. at 740 n.1.  We need not reach this issue.  Cf. State v. Young, 863 N.W.2d 249, 281 (2015) (Iowa constitution prohibits use of prior conviction in this circumstance).  We observe that Commonwealth v. Barrett, 3 Mass. App. Ct. 8, 9 (1975), found error in such a circumstance.  That opinion, however, was based solely on Federal law and cannot survive the teachings of Nichols.  The question thus remains open.

enhancement statutes "do not change the penalty imposed for the earlier conviction," and that repeat-offender laws punish "only the last offense committed by the defendant." Id. at 747. The Court reasoned that the "logical consequence" of the constitutional validity of an uncounseled conviction is that it may be used to "enhance the sentence for a subsequent offense." Id. at 747. Many, though by no means all, of our sister States have followed suit.[3]

Absent direction from the Supreme Judicial Court, we see no reason why art. 12 of the Massachusetts Declaration of Rights would forbid the use of a constitutionally valid conviction in a subsequent case. It is easy to understand why a conviction obtained in violation of a defendant's right to counsel may not return to enhance a defendant's sentence in the future. The convictions here, however, were obtained in full accordance with

---

[3] See, e.g., People v. Nguyen, 46 Cal. 4th 1007, 1022-1023 (2009); State v. Brooks, 89 Conn. App. 427, 435, 437 (2005); People ex rel. Glasgow v. Kinney, 970 N.E.2d 506, 508-509 (Ill.), cert. denied, 568 U.S. 944 (2012); Morphew v. State, 672 N.E.2d 461, 465 (Ind. Ct. App. 1996); State v. Tims, 302 Kan. 536, 541-543 (2015); State v. Cook, 706 A.2d 603, 607 (Me. 1998); People v. Reichenbach, 459 Mich. 109, 123-127 (1998); Ghoston v. State, 645 So. 2d 936, 938-940 (Miss. 1994); State v. Pike, 162 S.W.3d 464, 471-472 (Mo. 2005); State v. Spotted Eagle, 316 Mont. 370, 375, 379 (2003); State v. Wilson, 17 Neb. App. 846, 856 (2009); State v. Woodruff, 124 N.M. 388, 399 (1997); Glaze v. State, 366 S.C. 271, 274-275 (2005); State v. Porter, 164 Vt. 515, 521 (1996); State ex rel. Webb v. McCarty, 208 W. Va. 549, 552-553 (2000). But see State v. Kelly, 999 So. 2d 1029, 1052-1053 (Fla. 2008); State v. Bode, 144 Ohio St. 3d 155, 161 (2015).

the defendant's constitutional rights.  In our view, it would be strange if art. 12 created classes of convictions, some of which are permitted but then may not be acknowledged in the next case.

There can be little doubt that a conviction provides more confidence when the defendant was represented by counsel at trial.  Nonetheless, a conviction obtained without counsel because the defendant was found not indigent but declined to retain counsel is fully admissible.  Commonwealth v. Delorey, 369 Mass. 323, 325-326, 329-331 (1975).  Similarly, a conviction where the defendant chose to represent himself is fully admissible.  See McMullin, 76 Mass. App. Ct. at 905.  Respect for the defendant's constitutional rights, see Commonwealth v. Martin, 425 Mass. 718, 720-721 (1997), not increments in reliability, must be the touchstone here.

Moreover, the contrary rule would pose some serious problems for the administration of justice.  Crimes such as disorderly conduct, G. L. c. 272, § 53(b), and shoplifting, G. L. c. 266, § 30A, where a first offense is punishable only by a fine, could never be prosecuted for a subsequent offense punishable by incarceration, unless by some happenstance the defendant retained counsel or the prosecution was joined with other, more serious charges.  The presumption of regularity would lose much of its force if courts were required to go beyond the presumption and determine whether the regularity in

each case resulted in a conviction that counted in the future. Seeing no constitutional basis to require such a regime, we conclude that the New Hampshire convictions here were properly considered as predicates for the defendant's conviction as a fourth offender.

3. Sufficiency of the evidence. When reviewing the denial of a motion for a required finding of not guilty, "we consider the evidence introduced at trial in the light most favorable to the Commonwealth, and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Oberle, 476 Mass. 539, 547 (2017). "The inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.'" Commonwealth v. Waller, 90 Mass. App. Ct. 295, 303 (2016), quoting from Commonwealth v. Woods, 466 Mass. 707, 713 (2014). Here, the Commonwealth was required to "prove that the defendant (1) physically operated a vehicle; (2) 'on a public way or place to which the public has a right of access; and (3) had a blood alcohol content percentage of .08 or greater or was impaired by the influence of intoxicating liquor.'" Commonwealth v. AdonSoto, 475 Mass. 497, 509 (2016), quoting from Commonwealth v. Zeininger, 459 Mass. 775, 778, cert. denied, 565 U.S. 967 (2011). Only the third element is contested by the defendant.

A breathalyzer test performed within a "reasonable time" of operation is admissible to show a defendant's blood alcohol level at the time of operation.  Commonwealth v. Colturi, 448 Mass. 809, 816 (2007).  Three hours is presumptively a "reasonable time," subject to the "facts and circumstances in particular cases."  Id. at 816-817.  Moreover, "a breathalyzer test result showing a blood alcohol level of .08 or above, administered within a 'reasonable time' of the operation of a motor vehicle, as that phrase was defined in Colturi, is sufficient to prove a defendant guilty beyond a reasonable doubt . . . under the 'per se' theory."  Commonwealth v. Dacosta, 85 Mass. App. Ct. 386, 389 (2014).  These teachings apply as well when the blood alcohol level was measured by a blood test, rather than by a breathalyzer.  Commonwealth v. Douglas, 75 Mass. App. Ct. 643, 652 (2009).

Here, the hospital blood test revealed a serum alcohol level that was the equivalent of a blood alcohol level of between .30 percent and .32 percent.  Although the portion of the medical records admitted at trial does not record the time that the defendant's blood was drawn, the results appear in the medical records prior to the description of the doctor's examination at 4:38 P.M. (approximately two hours after the accident).  In light of this evidence, and the commonsense idea that the routine drawing of blood for a motor vehicle accident

victim would not ordinarily wait for the conclusion of a doctor's examination, the trier of fact was well justified in finding that the blood alcohol level was measured within a "reasonable time" of the defendant's operation.  See Commonwealth v. Fernandes, 478 Mass. 725, 739 (2018) (jury may draw reasonable inferences).  Accordingly, the evidence was sufficient to support the defendant's guilt under a theory that he had a blood alcohol level of .08 or greater.  See Dacosta, 85 Mass. App. Ct. at 389.

During the defendant's case, the defendant testified that he consumed the alcohol between the time of the accident and the time of the blood draw.  The jury, however, were entitled to disbelieve his testimony.  See Commonwealth v. Ross, 92 Mass. App. Ct. 377, 381 (2017).  Accordingly, the evidence remained sufficient to support the defendant's conviction at the close of all evidence.

Because the jury specified that they convicted the defendant under both the theory that he had a blood alcohol level of .08 or greater and on a theory of impairment, we need find sufficient evidence on only one of the two theories to affirm the conviction.  See Commonwealth v. Mercado, 466 Mass. 141, 155 (2013).  Accordingly, we need not discuss whether the evidence was also sufficient on a theory of impairment.

Judgment affirmed.