Following a jury trial in the District Court, the defendant, George Otero, was convicted of operating under the influence of alcohol (OUI) and in a jury-waived trial was convicted of OUI, fourth offense. On appeal, the defendant challenges the sufficiency of the OUI and the subsequent offense portion of the conviction. We affirm.
Background. The jury could have found the following facts on the OUI portion of the charge. On August 14, 2015, at 11:30 P.M. , State police troopers James Foley and Jason Lambert observed a large pickup truck, towing a trailer, stopped in traffic and obstructing the right travel lane. When the troopers approached the vehicle, Foley observed that the defendant was "slumped forward" in the driver's seat with his head down and that the vehicle was still running. Foley tapped on the window and the defendant sat up. Foley instructed the defendant to pull to the side of the road several times before he complied. Foley asked the defendant where he was going. The defendant answered that he was both coming from and going to Woburn. Foley observed that the defendant appeared disheveled, had "glassy bloodshot eyes," smelled of alcohol, was unsteady on his feet, and that his speech was slurred. He used the guardrail on the side of the highway to maintain his balance. The defendant was placed under arrest. During the ten-minute drive to the State police barracks in Medford, the defendant fell asleep. During the ride, the odor of alcohol was so strong that the trooper had to open a window to get some air in the cruiser.
The judge could have found the following facts on the subsequent offense portion of the charge. The defendant was twice convicted of driving under the influence (DUI) in New Hampshire in 1993 and 1998.[2] The certified records from New Hampshire bore the defendant's name and date of birth. The defendant was also convicted of OUI in the Somerville District Court in 1997, as reflected by a certified copy of the docket. In addition, the Commonwealth presented evidence of the defendant's Massachusetts Registry of Motor Vehicles (RMV) record, which indicated the defendant's name, date of birth, and also that he had two prior DUI convictions in New Hampshire in 1993 and 1998. The Commonwealth also presented evidence of the defendant's New Hampshire Department of Safety Division of Motor Vehicles (DMV) record, which bore the defendant's name and date of birth, as well as the 1993 and 1998 DUI convictions.
Discussion. 1. Sufficiency of evidence of the OUI. We review the evidence in the light most favorable to the Commonwealth. Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). "The inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable." Commonwealth v. Faherty, 93 Mass. App. Ct. 129, 133 (2018), quoting from Commonwealth v. Waller, 90 Mass. App. Ct. 295 (2016). The Commonwealth is required to "prove that the defendant (1) physically operated a vehicle; (2) 'on a public way or place to which the public has a right of access; and (3)... was impaired by the influence of intoxicating liquor.' " Faherty, supra at 133-134, quoting from Commonwealth v. AdonSoto, 475 Mass. 497, 509 (2016). The defendant only challenges the third element.
The defendant's pickup truck was stopped in a travel lane of Interstate 93 in heavy traffic. He was slumped over the wheel and the truck was still running. In addition, the defendant was confused as to his whereabouts; had glassy, bloodshot eyes; his speech was slurred; he was unsteady on his feet; he smelled of alcohol; and when he was transported to the barracks, he fell asleep while handcuffed. See Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392-393 (2017). The evidence of the defendant's intoxication was sufficient.[3]
2. Sufficiency of evidence of the prior convictions. The defendant contends that the two New Hampshire dockets contained limited identifying information such that the evidence was insufficient to convict him of a fourth offense OUI. "The sufficiency of docket sheets as evidence of prior convictions is well settled in the Commonwealth." Commonwealth v. Jewett, 471 Mass. 624, 636 (2015). See G. L. c. 90 § 24(4 ). While docket sheets containing the defendant's name alone are insufficient to show that the convictions are those of the defendant, documents which contain "more identifying information than merely the offender's name" can be sufficient to prove prior convictions. Commonwealth v. Gonsalves, 74 Mass. App. Ct. 910, 912 (2009). See also Commonwealth v. Maloney, 447 Mass. 577, 589 (2006) (prior conviction record must be linked to the defendant).
The New Hampshire docket sheets indicate that George Otero, with the same date of birth as this defendant, was convicted of DUI in 1993 and 1998. See Jewett, supra at 637. The name and date of birth also matched the information on the defendant's RMV records. The New Hampshire DMV records contained the same name and date of birth of the defendant, as well as his height.[4] All of this data matched the information on the defendant's Massachusetts RMV license image and demographic information. Finally, the address listed on the defendant's New Hampshire DMV records is the same as the mailing address listed on his Massachusetts RMV records. See Commonwealth v. Dussault, 71 Mass. App. Ct. 542, 547 (2008). Thus, the evidence was sufficient for the judge to find beyond a reasonable doubt that the defendant was the same George Otero who had previously been convicted on three occasions. See Maloney, supra at 602.
Judgment affirmed.

The parties stipulated that New Hampshire Division of Motor Vehicles destroyed all original paper copies of convictions prior to the year 2006.

The defendant contends that the Commonwealth must prove that he drove erratically. To the contrary, "the Commonwealth need not prove that the defendant actually drove in an unsafe or erratic manner." Commonwealth v. Connolly, 394 Mass. 169, 173 (1985).

The New Hampshire DMV records list a height of seventy inches; the Massachusetts RMV records list a height of five feet, eleven inches.