The defendant, John P. Phelan, appeals from his conviction following a jury trial in the Superior Court of operating a motor vehicle while under the influence of intoxicating liquor, G. L. c. 90, § 24 (1) (a ) (1).[2] Concluding that the evidence was sufficient and that there was no substantial risk of a miscarriage of justice arising from the admission of evidence or from the closing argument, we affirm.[3]
1. Sufficiency of the evidence. When reviewing the denial of a motion for a required finding of not guilty, "we consider the evidence introduced at trial in the light most favorable to the Commonwealth, and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Oberle, 476 Mass. 539, 547 (2017). "The inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.' " Commonwealth v. Waller, 90 Mass. App. Ct. 295, 303 (2016), quoting Commonwealth v. Woods, 466 Mass. 707, 713 (2014).
Here, the defendant slowed down and proceeded through a red light. When a police officer tried to effectuate a stop, the defendant backed up towards the police cruiser and had to be told several times to stop. The defendant's eyes were bloodshot and glassy, and the officer noticed a strong odor of alcohol on his breath. The defendant said, "Oh, God, you got me. I'm in trouble." When asked how much he had had to drink, he said, "Oh man, I'm fucked." The defendant staggered when exiting the vehicle and staggered when attempting to perform field sobriety tests, as is shown by the surveillance video. These "classic symptoms of alcohol intoxication" provided sufficient evidence to convict the defendant. Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392 (2017).
2. Admission of nip bottles. The officer recovered four unopened nip bottles of flavored vodka from the defendant's car, which were admitted into evidence without objection. A judge may admit evidence "where its prejudicial effect does not substantially outweigh its probative value," Commonwealth v. Imbert, 479 Mass. 575, 585 (2018), and we will not disturb the judge's ruling "absent palpable error." Commonwealth v. Khan, 92 Mass. App. Ct. 487, 495 (2017), quoting Commonwealth v. Simpson, 434 Mass. 570, 579 (2001). Because the defendant did not object, we review any error for a substantial risk of a miscarriage of justice. See Commonwealth v. Coates, 89 Mass. App. Ct. 728, 737 (2016). A defendant's possession of nip bottles of alcohol, uniquely useful for quick and surreptitious alcohol consumption, is a recognized "sign of alcohol use." Commonwealth v. Flanagan, 76 Mass. App. Ct. 456, 458 n.3 (2010). Accord Commonwealth v. Faherty, 93 Mass. App. Ct. 129, 130 (2018). Accordingly, there was no error.
3. Closing argument. "Closing argument must be limited to discussion of the evidence presented and the reasonable inferences that can be drawn from that evidence." Commonwealth v. Rakes, 478 Mass. 22, 45 (2017). "Counsel may, however, zealously argue in favor of those inferences favorable to his or her case." Id."Because the defendant did not object to the prosecutor's closing argument at trial, we review [any error] for a substantial risk of a miscarriage of justice." Commonwealth v. Childs, 94 Mass. App. Ct. 67, 76 (2018), quoting Commonwealth v. Proia, 92 Mass. App. Ct. 824, 835 (2018).
Although it is permissible for the prosecutor to "suggest that the defendant's defense is implausible," Commonwealth v. Fernandes, 478 Mass. 725, 742 (2018), the invocation of magic and narcotic-induced hallucination as the only ways to reach the defendant's theory of the case was undignified and distracting. "[S]arcasm is permitted in closing argument," but it is "often better avoided," and this is one of those circumstances in which avoidance would have been the better part of valor. Commonwealth v. Garcia, 94 Mass. App. Ct. 91, 103-104 (2018). Nonetheless, in light of the strength of the Commonwealth's case and the permissibility of pointing out the implausibility of the defense in a proper manner, we discern no substantial risk of a miscarriage of justice. See Commonwealth v. Ortiz, 463 Mass. 402, 415-418 (2012).
Judgments affirmed.

A judge convicted the defendant at a jury-waived trial of the fourth-offense portion of the operating a motor vehicle while under the influence of intoxicating liquor charge.

The defendant raises no challenge to his conviction of operating a motor vehicle after a suspension for being a habitual traffic offender, G. L. c. 90, § 23.