NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1136

COMMONWEALTH

vs.

FOTIOS EFTHIMIADIS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Fotios Efthimiadis, appeals from his convictions, after a jury-waived trial in the District Court, of resisting arrest, G. L. c. 268, § 32B, and threatening to commit a crime, G. L. c. 275, § 2.[1]  Concluding that there was sufficient evidence to support both convictions, we affirm.

1.  Standard of review.  "When reviewing the denial of a motion for a required finding of not guilty, 'we consider the evidence introduced at trial in the light most favorable to the Commonwealth, and determine whether a rational trier of fact could have found the essential elements of the crime beyond a

---

[1] The judge acquitted the defendant of assault and battery by means of a dangerous weapon and assault by means of a dangerous weapon.

reasonable doubt.'" Commonwealth v. Quinones, 95 Mass. App. Ct. 156, 162 (2019), quoting Commonwealth v. Faherty, 93 Mass. App. Ct. 129, 133 (2018). "[T]he evidence relied on to establish a defendant's guilt may be entirely circumstantial," Commonwealth v. Linton, 456 Mass. 534, 544 (2010), S.C., 483 Mass. 227 (2019), and "[t]he inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.'" Commonwealth v. Wheeler, 102 Mass. App. Ct. 411, 413 (2023), quoting Commonwealth v. Ross, 92 Mass. App. Ct. 377, 378 (2017).

2. Resisting arrest. "A defendant resists arrest if 'he knowingly prevents or attempts to prevent a police officer, acting under color of his official authority, from effecting an arrest of the actor or another, by (1) using or threatening to use physical force or violence against the police officer or another; or (2) using any other means which creates a substantial risk of causing serious bodily injury to such police officer or another.'" Commonwealth v. Sylvia, 87 Mass. App. Ct. 340, 341-342 (2015), quoting G. L. c. 268, § 32B (a). Here, the police officer testified that, after he tackled the defendant and tried to place him in handcuffs, the defendant "was violent, hostile" and "was just thrashing." "He continually dropped his weight when we were in the stairwell . . . trying to knock us off balance, thrash around, refuse to go into the cruiser."

2

Based on this evidence, the judge could rationally find both that the defendant used physical force against the officers and created a substantial risk of serious bodily injury by trying to knock the officers off balance on a stairwell. See Commonwealth v. Manolo M., 103 Mass. App. Ct. 614, 625 (2023) (sufficient evidence of physical force where defendant pulled away while officer was trying to handcuff her); Commonwealth v. Sylvia, 87 Mass. App. Ct. 340, 343 (2015) (sufficient evidence of risk of serious bodily injury where defendant engaged in "scuffle" and "struggle" with officers).

Similarly, the judge could rationally find that the defendant understood he was under arrest. In this regard, "[t]he standard for determining whether a defendant understood that he was being arrested is objective -- whether a reasonable person in the defendant's circumstances would have so understood." Commonwealth v. Grant, 71 Mass. App. Ct. 205, 208 (2008). "It is not necessary that officers use the word 'arrest.'" Commonwealth v. Portee, 82 Mass. App. Ct. 829, 833 (2012). Here, the defendant's acts of resistance began after the police officer had tackled him and was trying to place him in handcuffs and continued while the officer was trying to bring him to the cruiser. The judge could rationally find that a reasonable person in those circumstances would understand he was being arrested. See Commonwealth v. Soun, 82 Mass. App. Ct. 32,

3

37 (2012).  Contrast Grant, supra at 209 (no evidence defendant understood he was under arrest where police merely chased him and "neither their words nor their actions had objectively communicated that intention").  Even if the defendant's intoxication is relevant to this objective determination, testimony that the defendant "appeared" drunk did not require the judge to find that the defendant was so drunk that he could not understand that being tackled, handcuffed, and transported to a police cruiser meant that he was being arrested.[2]  Cf. Commonwealth v. Lennon, 463 Mass. 520, 523 (2012) ("A jury instruction on voluntary intoxication is required only where there is evidence of 'debilitating intoxication' that could support a reasonable doubt as to the defendant's ability to form the requisite criminal intent").

It is, of course, true that a person is privileged to use force to resist an arrest where the arresting officer uses excessive force.  See Commonwealth v. Graham, 62 Mass. App. Ct. 642, 652 (2004).  The Commonwealth may disprove this defense by, among other things, proving "that the arresting officer did not use excessive or unnecessary force in making the arrest."

---

[2] Contrary to the defendant's suggestion, the judge did not find that booking was delayed until the next morning because of the defendant's intoxication.  The judge merely noted that the defendant was drunk.  Furthermore, the officer testified that he did not make the decision to delay booking but that he thought the delay was because of several factors.

4

Commonwealth v. Eberle, 81 Mass. App. Ct. 235, 239 (2012), quoting Commonwealth v. Urkiel, 63 Mass. App. Ct. 445, 452 (2005). Here, the officer testified that he tackled a fleeing suspect and did not describe the use of any further force other than the force necessary to handcuff the defendant and transport him. The judge could rationally find that the officer did not use excessive force.

3. Threats. To constitute a criminal threat, the statement must be "an expression of intention to inflict a crime on another and an ability to do so in circumstances that would justify apprehension on the part of the recipient of the threat." Commonwealth v. Melton, 77 Mass. App. Ct. 552, 557-558 (2010), quoting Commonwealth v. Kerns, 449 Mass. 641, 653 (2007). Here, the officer testified that the defendant told the officer "he's going to get me" and that the officer would not "see it coming." Additionally, the defendant "alluded to the police chief in Randolph dying and how somehow he was involved in that and that he's going to do the same to [the officer] and [his] family." The mere fact that the defendant was under arrest did not eliminate the reasonableness of fearing that the defendant would follow through on these threats once released. See Commonwealth v. Milo M., 433 Mass. 149, 156 (2001), quoting Commonwealth v. Sholley, 48 Mass. App. Ct. 495, 499, S.C., 432 Mass. 721 (2000), cert. denied, 532 U.S. 980 (2001) ("although

there is no evidence that the juvenile possessed an immediate ability to carry out the threat at the time he communicated the drawing to Mrs. F, this does 'not mean that [the juvenile] could not have carried out his threat at a later time'"). Furthermore, as explored above, the testimony that the defendant "appeared" drunk and the equivocal testimony about booking did not require the judge to conclude that the defendant was so drunk that his threats had to be disregarded. The judge

rationally found that the defendant committed the crime of threatening to commit a crime.[3]

Judgments affirmed.

By the Court (Shin, Ditkoff & Brennan, JJ.[4]),

*Paul Little*

Clerk

Entered:  October 16, 2024.

---

[3] To the extent that the defendant did not withdraw his criminal responsibility argument in his reply brief, such a defense is supposed to be raised well prior to trial, not for the first time on appeal.  See Mass. R. Crim. P. 14 (b) (2) (A), as appearing in 463 Mass. 1501 (2012).  In any event, the defense of lack of criminal responsibility is unavailable to a defendant "if the lack of substantial capacity did not result from a mental disease or defect but derived solely from another source, such as voluntary intoxication."  Commonwealth v. Dunphe, 485 Mass. 871, 879 (2020).

[4] The panelists are listed in order of seniority.