NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1102

COMMONWEALTH

vs.

GARRETT G. TURNER.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a bench trial in the District Court, the defendant was convicted of (1) breaking and entering a vehicle at night with the intent to commit a felony and (2) larceny.  On appeal, we are not persuaded by the defendant's challenge to the sufficiency of the evidence supporting his convictions and conclude that even assuming the judge erred in admitting certain Venmo records, no prejudice resulted from the error.  Thus, we affirm the convictions.

Discussion.  1.  Sufficiency of the evidence.  In assessing the sufficiency of the evidence supporting a criminal conviction, we ask "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of

fact could have found the essential elements of the crime beyond a reasonable doubt" (citation omitted).  Commonwealth v. Latimore, 378 Mass. 671, 677 (1979).  "The inferences that support a conviction need only be reasonable and possible; [they] need not be necessary or inescapable" (quotation and citation omitted).  Commonwealth v. Faherty, 93 Mass. App. Ct. 129, 133 (2018).

a.  Proof that the defendant was the perpetrator.  Viewed in the light most favorable to the Commonwealth, see Latimore, 378 Mass. at 677, the evidence showed that the victim of the larceny (whom we refer to as the victim) parked her partner's car in the driveway of their home in Somerset sometime after 4:15 P.M. on January 27, 2022, and left her purse inside the car overnight.  Early the next morning, after the victim's bank alerted her to an unauthorized use of her debit card, the victim went out to the car to look for the debit card and found the car unlocked.  The victim believed that someone had "rummaged around" in the car; her purse was there, but her wallet, which had been inside the purse when the victim left it in the car the previous day, was missing.[1]  Surveillance video recordings and transaction records from a CVS store and a BankFive ATM in Fall

---

[1] The missing wallet had contained, among other things, the victim's debit card, $200 in cash, and at least $500 in gift cards.

2

River showed the defendant[2] using the victim's debit card on the morning that the victim discovered that her wallet and the debit card had been taken from the car.[3]

The evidence that the defendant had the victim's stolen debit card in his possession very shortly after its theft was itself sufficient to prove that the defendant stole the card and, inferentially, the defendant's entire wallet and its contents. "[T]he defendant's possession of recently stolen goods permits the inference that he is the thief. 'The circumstances as a whole must be looked at.'" Commonwealth v. Rousseau, 61 Mass. App. Ct. 144, 146-147 (2004), quoting

---

[2] The judge stated that he was satisfied that the person pictured was the defendant; as such, the surveillance footage was sufficient to identify the defendant as the thief. Cf. Commonwealth v. Blackmer, 77 Mass. App. Ct. 474, 483-484 (2010) (sufficient proof of identity where fact finder was "able to see the defendant in the courtroom and to hear the description given by both victims and the police officer"). We note that the Commonwealth also introduced evidence that the defendant made unauthorized transactions with the victim's debit card using Venmo (an application that facilitates electronic money transfers). Although the defendant argues, as discussed below, that the Venmo evidence was inadmissible, we consider all the evidence that was admitted, "without regard to the propriety of the admission," in assessing the sufficiency of trial evidence. Commonwealth v. Sepheus, 468 Mass. 160, 164 (2014), quoting Commonwealth v. Farnsworth, 76 Mass. App. Ct. 87, 98 (2010).

[3] The defendant appeared on CVS surveillance footage shortly before 4 A.M. on January 28, 2022; transaction records revealed his use of the victim's debit card. He also appeared on surveillance footage at the BankFive ATM at approximately 5:30 A.M. on the same day.

3

Commonwealth v. Dellamano, 393 Mass. 132, 135 n.7 (1984). See Commonwealth v. Latney, 44 Mass. App. Ct. 423, 425 (1998) ("[T]he defendant's mere possession of recently stolen property may be relied upon by the jury as evidence that he had stolen it"). The Commonwealth was not required to provide direct evidence that the defendant had been in Somerset or to rule out all other possible perpetrators. See Commonwealth v. Platt, 440 Mass. 396, 401 (2003); Faherty, 93 Mass. App. Ct. at 133.

Moreover, because the stolen debit card was taken from inside the victim's partner's car, the judge could reasonably have inferred that the person who had the card shortly after the theft -- the defendant -- was the same person who took the debit card from the victim's partner's car and that the defendant had opened the car door and reached into the car to accomplish the theft. The evidence was thus sufficient to prove that the defendant broke and entered the victim's partner's car. See Commonwealth v. Stokes, 440 Mass. 741, 748 (2004), S.C., 460 Mass. 311 (2011), quoting Commonwealth v. Burke, 392 Mass. 688, 690 (1984) ("for purposes of the home invasion statute," entry "occurs when there is 'any intrusion into a protected enclosure by any part of a defendant's body'"); Commonwealth v. Scott, 71 Mass. App. Ct. 596, 600-601 (2008) (evidence that defendant opened closed door sufficient to prove "breaking" for crime of breaking and entering building).

4

b. _The defendant's intent to commit larceny over $1,200._ We are likewise satisfied that the evidence was sufficient to prove that at the time of the breaking and entering, the defendant had the intent to commit larceny over $1,200. See Commonwealth v. Hill, 57 Mass. App. Ct. 240, 247 (2003). That the defendant did commit larceny is sufficient to prove his intent to do so at the time of the breaking and entering. See Commonwealth v. Ronchetti, 333 Mass. 78, 81-82 (1955), quoting Commonwealth v. Carter, 306 Mass. 141, 149 (1940) (commission of larceny after breaking and entering is "decisive proof of the intent with which the entry was made"). Once the Commonwealth proved the defendant's intent to steal, the fact finder was "not required to conclude that he had intended to limit his theft to property under [$1,200] in value." Hill, supra at 249 & n.6. Particularly given the evidence that the defendant chose only certain items to steal from the victim's partner's car -- taking the wallet and its contents but leaving the victim's purse and sunglasses, for example -- a reasonable fact finder could have inferred that the defendant intended to steal items of value, including those amounting to more than $1,200 in value. See Ronchetti, supra.

2. _Admission of Venmo spreadsheets._ After obtaining a warrant, the Somerset police acquired certain records from Venmo; the judge allowed the Commonwealth to introduce those

5

records at trial, over the defendant's objection.  Even assuming without deciding that as the defendant contends, the Venmo records were inadmissible for lack of proper authentication and on hearsay grounds, we are not persuaded that any error in their admission was prejudicial.  See Commonwealth v. Cruz, 445 Mass. 589, 591 (2005) (articulating standard of review for prejudicial error).  This is because in announcing his verdicts, the judge was explicit that he relied on the surveillance video footage to establish that the defendant committed the crimes of (misdemeanor) larceny and breaking and entering a vehicle at night to commit a felony.  Where the judge said, "I am satisfied that the same person is depicted in both [the CVS and BankFive] videos," and, "I am satisfied that [the defendant is] the person depicted in those videos and that he's the person who committed those offenses," we are convinced that the judge's review of the challenged Venmo records "did not influence the [judge], or had but very slight effect."  Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994), quoting Commonwealth v. Peruzzi, 15 Mass. App.

6

Ct. 437, 445 (1983).  Accordingly, we affirm the defendant's convictions.

Judgments affirmed.

By the Court (Hand, Hodgens &
  Tan, JJ.[4]),

Clerk

Entered:  December 16, 2025.

---

[4] The panelists are listed in order of seniority.