NOT DESIGNATED FOR PUBLICATION

Nos. 122,767
122,768

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GERAD CHANCE HERRERA,
*Appellant*.


MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON. Opinion filed October 8, 2021. Affirmed in part, sentence vacated, and case remanded with directions.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Alexander C. Driskell*, assistant county attorney, *Jeffery Ebel*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before HILL, P.J., ATCHESON and WARNER, JJ.

WARNER, J.: Kansas statutes require the State to prove a defendant's criminal history at sentencing by a preponderance of the evidence. The State satisfies this burden when a presentence investigation report unambiguously lists the crimes the defendant has previously been convicted of and the defendant does not object to that information. When the report does not clearly identify the defendant's previous convictions, the report alone does not meet the State's burden of proof; this is true regardless of whether the defendant has objected to the report's findings.

1

These consolidated cases consider whether this principle—which concerns ambiguities in a presentence investigation report's listing of a defendant's previous convictions—also applies to challenges to the process giving rise to those earlier convictions. Under Kansas caselaw, a defendant's previous misdemeanor convictions cannot be considered as part of his or her criminal history at sentencing if they were obtained in violation of a person's right to counsel under the Sixth Amendment to the United States Constitution. But whether a person was represented during the prosecution leading to a misdemeanor conviction (or validly waived the right to counsel during those proceedings) is not information included in a presentence investigation report. Does this silence mean—in the absence of any objection—that the State is affirmatively required to provide proof beyond the report to satisfy its burden of proof before those convictions can be considered at sentencing?

For the reasons we discuss below, we conclude it does not. Because Gerad Herrera here did not challenge the use of his previous misdemeanor convictions at sentencing, the reports' identification of his previous misdemeanors was sufficient to satisfy the State's burden to prove criminal history. If Herrera chooses to argue at a later time that those misdemeanor convictions should not have been considered, he—not the State—will have the burden to prove that his misdemeanor convictions were obtained in violation of his Sixth Amendment rights.

FACTUAL BACKGROUND AND SUMMARY OF CLAIMS ON APPEAL

In January 2020, Herrera pleaded no contest to several offenses in two separate cases, and the cases proceeded to sentencing. Herrera's presentence investigation reports indicated that he had a criminal-history score of A in both cases under the Kansas Sentencing Guidelines. This score was based in part on a 2012 conviction for criminal threat and on three person misdemeanors, which aggregate under the Guidelines to one person felony. See K.S.A. 2020 Supp. 21-6811(a). At the sentencing hearing, Herrera

2

personally acknowledged that the criminal history in the reports was correct and admitted his criminal-history score was A. The district court then imposed consecutive 72-month and 34-month prison sentences in the two cases.

Though Herrera did not object to the reports' recitation of his criminal history at sentencing, he now challenges three aspects of his sentence on appeal.

- He asserts the State presented insufficient evidence that his 2012 criminal threat conviction can be used to calculate his criminal-history score, as it is unclear from the presentence investigation reports whether that conviction was for a reckless criminal threat—a conviction based on a provision of the statute and found unconstitutional by *State v. Boettger*, 310 Kan. 800, 822-23, 450 P.3d 805 (2019), *cert. denied* 140 S. Ct. 1956 (2020).

- He asserts the State failed to prove that he received or waived his right to counsel when he was prosecuted for the three previous misdemeanors, noting that uncounseled misdemeanor convictions obtained in violation of the Sixth Amendment to the United States Constitution cannot be used in determining a person's criminal-history score. See *State v. Youngblood*, 288 Kan. 659, Syl. ¶ 3, 206 P.3d 518 (2009).

- He argues that the Sixth Amendment and section 5 of the Kansas Constitution Bill of Rights required that a jury, not the sentencing court, determine his criminal history before it could be used to enhance his sentence under the Guidelines.

Two of these claims require very little discussion. The State acknowledges, with respect to Herrera's first argument, that it was not clear from the presentence investigation reports whether Herrera was convicted of intentional or reckless criminal threat in 2012. Instead, those reports merely reference "K.S.A. 21-3419," now codified as K.S.A. 2020

Supp. 21-5415, which includes both the intentional and reckless criminal-threat offenses. In light of this ambiguity, the parties agree that the cases must be remanded under *State v. Obregon*, 309 Kan. 1267, 1275, 444 P.3d 331 (2019), for a hearing where the State must prove whether that conviction can be considered as part of his criminal history for sentencing in these two cases.

And our reviewing courts have resolved Herrera's third argument against him. See *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) (noting that Sixth Amendment does not require courts to submit prior convictions to a jury for sentencing purposes); *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002) (same); see also *State v. Albano*, 313 Kan. 638, Syl. ¶ 4, 487 P.3d 750 (2021) (Section 5 of the Kansas Constitution Bill of Rights "does not guarantee defendants the right to have a jury determine the existence of sentence-enhancing prior convictions under the revised Kansas Sentencing Guidelines Act."). We need not address this issue further.

We are thus left to consider Herrera's second argument: that even though he did not object to the presentence investigation reports' treatment of his three previous misdemeanors, the State nevertheless was required to provide proof that those offenses were counseled before they could be considered as part of his criminal history. Though we recognize that panels of this court have reached varying conclusions on this point, we find that—absent an objection—the reports' listing of those convictions satisfied the State's burden of proof at sentencing. If Herrera later decides to challenge his sentences through a motion to correct an illegal sentence, he—not the State—has the burden to prove that those convictions should not have been considered.

DISCUSSION

The Kansas Sentencing Guidelines use a combination of a defendant's criminal history and the severity level of the crime of conviction to determine the presumptive

4

sentencing range for those crimes. See K.S.A. 2020 Supp. 21-6804 (providing the presumptive sentences for nondrug crimes). A person's criminal history for sentencing purposes generally includes any previous felony and misdemeanor convictions. See K.S.A. 2020 Supp. 21-6810(c), (d)(2), (d)(6).

This general rule has several notable exceptions, two of which are relevant here. First, germane to Herrera's first claim on appeal, a conviction based on a statute that has since been held unconstitutional cannot be considered as part of a person's criminal history at sentencing. K.S.A. 2020 Supp. 21-6810(d)(9). Thus, if Herrera's 2012 conviction was for a reckless criminal threat—an offense the Kansas Supreme Court found unconstitutional in *Boettger*—that offense cannot be used to calculate his criminal history for the sentences in the two cases now before us. As we have indicated, the parties agree that this case must be remanded for a new sentencing hearing to allow the State to present evidence as to whether Herrera's 2012 conviction may be considered for sentencing purposes.

The Kansas Supreme Court discussed another exception—this one relevant to Herrera's second claim—in *Youngblood*. There, the court held that a previous misdemeanor conviction obtained when a person was not represented by counsel (and had not waived his or her right to counsel) that resulted in a prison or jail sentence cannot be used to enhance the person's sentence in a later case. 288 Kan. 659, Syl. ¶ 3; see also *State v. Tims*, 302 Kan. 536, Syl. ¶ 2, 355 P.3d 660 (2015) (reiterating the holding in *Youngblood*). Based on this exception, Herrera argues that the district court erred at sentencing when it used his previous misdemeanor convictions to determine his criminal history and effectively extend the duration of his sentence, as the State did not prove that he was represented by counsel in those earlier cases.

Before considering the merits of Herrera's argument, it is helpful to review the procedures for determining a defendant's criminal history at sentencing. These procedures

5

are outlined in K.S.A. 2020 Supp. 21-6813 and K.S.A. 2020 Supp. 21-6814. Before sentencing, the State prepares a presentence investigation report, which includes a "summary of the offender's criminal history prepared for the court." K.S.A. 2020 Supp. 21-6814(b); see K.S.A. 2020 Supp. 21-6813 (governing presentence investigation reports). This report includes, among other information, a "listing of prior adult convictions or juvenile adjudications for felony or misdemeanor crimes or violations of county resolutions or city ordinances comparable to any misdemeanor defined by state law," along with any supporting documentation the court services officer obtained to verify those convictions. K.S.A. 2020 Supp. 21-6813(b)(5).

The State bears the burden of proving a defendant's criminal history at sentencing. See K.S.A. 2020 Supp. 21-6814. A defendant's criminal history may either be "admitted in open court by the offender" or "determined by a preponderance of the evidence at the sentencing hearing by the sentencing judge." K.S.A. 2020 Supp. 21-6814(a). When the presentence investigation report clearly sets forth the defendant's criminal history and the defendant does not object to the report's summary, submission of the report "satisf[ies] the [S]tate's burden of proof." K.S.A. 2020 Supp. 21-6814(b). If a defendant believes the criminal history in the report is not accurate, he or she must object to the incorrect information—providing the court and the prosecutor with "written notice" that "specif[ies] the exact nature of the alleged error." K.S.A. 2020 Supp. 21-6814(c). The State then must "produce evidence" of the defendant's criminal history "to establish its burden of proof." K.S.A. 2020 Supp. 21-6814(c).

In contrast to these procedures, if a person decides to challenge his or her criminal history later—without objecting at sentencing—"the burden of proof shall shift to the offender to prove such offender's criminal history by a preponderance of the evidence." K.S.A. 2020 Supp. 21-6814(c). For this reason, even though the State bears the burden of proving a person's criminal history at sentencing, a defendant who later files a motion challenging the offenses on which his or her sentence was based, such as a K.S.A. 22-

6

3504 motion to correct an illegal sentence, bears the burden to prove any error. See *State v. Neal*, 292 Kan. 625, 633, 258 P.3d 365 (2011).

Despite K.S.A. 2020 Supp. 21-6814(c)'s burden-shifting framework, our Kansas Supreme Court has held that the absence of an objection does not automatically mean the State has met its burden of proof at sentencing. In particular, a presentence investigation report does not satisfy the State's burden of proof at sentencing—regardless of whether the defendant objected—when the report does not clearly identify a person's previous convictions. See *Obregon*, 309 Kan. at 1275.

In *Obregon*, the court considered the adequacy of a presentence investigation report in the """narrow range of cases""" where a statute giving rise to a previous conviction "'comprises multiple, alternative versions of the crime'" that may be categorized differently for sentencing purposes. 309 Kan. at 1273-74 (quoting *Descamps v. United States*, 570 U.S. 254, 261-62, 133 S. Ct. 2276, 186 L. Ed. 2d 438 [2013]). The defendant in *Obregon* had previously been convicted of battery in Florida. Under the Florida statute, depending on the nature of the offense, that conviction could be classified in Kansas as a person or nonperson crime. Obregon's presentence investigation report, however, merely cited the Florida statute generally as the basis for Obregon's previous conviction; it did not "indicate what version of the [Florida] offense he committed." *Obregon*, 309 Kan. at 1275.

The *Obregon* court found that even though the defendant had not objected to his criminal-history summary at sentencing, the State still had not satisfied its burden to prove his previous offenses given this ambiguity. *Obregon* observed—consistent with K.S.A. 2020 Supp. 21-6814—that the "presentence investigation summary frequently can satisfy the State's burden absent defendant's objection." 309 Kan. at 1275. But the court reasoned that "more is required when the summary does not indicate which version of the out-of-state offense the defendant committed." 309 Kan. at 1275. In these narrow

circumstances, when the presentence investigation report does not clearly identify the crime of conviction, the State must produce "additional proof" beyond the report to satisfy its burden. 309 Kan. at 1275. Thus, regardless of whether Obregon objected to the criminal history at sentencing, the presentence investigation report in that case did not contain sufficient information to satisfy the State's burden of proof. 309 Kan. at 1275.

Herrera seeks to expand *Obregon*'s holding to encompass the facts of his cases. He notes that the presentence investigation reports for his current offenses did not indicate whether he had counsel in the proceedings leading to his previous misdemeanor convictions. He asserts that under the Kansas Supreme Court's reasoning in *Youngblood*, the State had an obligation—just as it did in *Obregon*—to produce additional evidence beyond the presentence investigation reports that he had been represented by counsel (or had waived the right to counsel) in those earlier cases. *Youngblood*, 288 Kan. at 662. And though Herrera acknowledges he did not object to the presentence investigation reports on this basis (or on any basis) at sentencing, he argues that the Kansas Supreme Court has indicated that the State has the burden to prove a defendant's criminal history throughout a direct appeal. See *Neal*, 292 Kan. at 633.

Various panels of our court have addressed this argument since the Kansas Supreme Court's decision in *Obregon* and have arrived at different conclusions. Most panels have concluded that the State satisfies its burden of proof by submitting a presentence investigation report showing previous misdemeanor convictions unless a defendant objects to using those convictions for criminal-history purposes. See *State v. Corby*, No. 122,584, 2021 WL 2275517, at *2-5 (Kan. App. 2021) (unpublished opinion), *rev. granted* 313 Kan. 1043 (2021); *State v. Llamas*, No. 122,478, 2021 WL 1945160, at *4-5 (Kan. App. 2021) (unpublished opinion), *petition for rev. filed* June 14, 2021; *State v. McCarty*, No. 122,067, 2021 WL 1149162, at *8-10 (Kan. App. 2021) (unpublished opinion), *petition for rev. filed* April 20, 2021; *State v. Roberts*, No. 121,682, 2020 WL 5268197, at *3-4 (Kan. App. 2020) (unpublished opinion), *rev. granted* 312 Kan. 899

(2021). But at least one panel has come to the opposite conclusion. *State v. Beltran*, No. 121,200, 2020 WL 7409937, at *2-4 (Kan. App. 2020) (unpublished opinion).

Like the majority of our court's panels that have considered this issue, we find the challenge Herrera now raises to be fundamentally different from the statutory ambiguities the Kansas Supreme Court considered in *Obregon*. The presentence investigation report in *Obregon* was not sufficient to satisfy the State's burden of proof because it did not clearly identify the defendant's previous convictions; it merely cited to a statute that could comprise both person and nonperson crimes. Thus, the State could not rely solely on that report to prove the defendant's criminal history. But Herrera does not claim his presentence investigation reports were unclear in their identification of his previous misdemeanor convictions. Instead, he claims that the reports did not demonstrate that the *process* leading to those convictions was constitutionally sound.

The facts of *Youngblood* help illustrate this difference. Youngblood was charged with possession of marijuana—a felony offense because he had a previous municipal conviction for marijuana possession. He moved to dismiss the felony charge, arguing he did not have counsel during the municipal proceedings and thus use of the earlier conviction to charge the current offense as a felony violated his right to counsel under the Sixth Amendment. The district court in *Youngblood* recognized that "the State had the burden of showing that the prior misdemeanor conviction was constitutionally obtained." 288 Kan. at 661. The district court therefore held an evidentiary hearing on Youngblood's dismissal motion, where the parties submitted documentary evidence from the municipal case and the municipal judge testified. The district court ultimately denied Youngblood's motion, wrongly concluding that the exception did not apply because Youngblood's jail sentence had been suspended and he had been placed on probation.

The Kansas Supreme Court found this fact—that Youngblood had been given probation—to be a red herring. The key was that Youngblood had been sentenced to a

9

period of incarceration, regardless of whether he was required to spend that time in jail or prison. 288 Kan. at 670. And the Supreme Court found the State had not carried its burden at the evidentiary hearing to prove Youngblood had counsel during the earlier municipal proceedings. 288 Kan. at 664-65. Thus, that earlier uncounseled municipal conviction could not be used to elevate the later possession-of-marijuana charge to a felony. 288 Kan. at 670.

As *Youngblood* illustrates, whether a person was represented by counsel during a previous proceeding—or whether there has been an adequate waiver of the right to counsel—can be a fact-intensive inquiry. It is markedly different from identifying a person's crime of convictions. And while presentence investigation reports are required by statute to list a defendant's previous convictions, those reports are not required to include information regarding the process giving rise to those convictions, such as whether a person was represented by counsel. See K.S.A. 2020 Supp. 21-6813(b)(5). Indeed, the practical result of Herrera's position would be to require the State—regardless of whether the defendant raises any challenge or objection—to affirmatively prove the constitutionality of the process giving rise to all previous convictions before they can be considered for criminal-history purposes. Such a rule would entirely undermine the process outlined in K.S.A. 2020 Supp. 21-6814.

Instead, if a presentencing investigation report clearly identifies a defendant's previous crimes of conviction, the report satisfies the State's burden of proof at sentencing *unless the defendant objects*. See K.S.A. 2020 Supp. 21-6814(b), (c). If Herrera had raised his question at sentencing as to whether he had counsel during the proceedings leading to his previous misdemeanor convictions, the State would have been required to present evidence on this matter to satisfy its burden of proof. See *Youngblood*, 288 Kan. at 664-65. But without an objection, the presentence investigation reports satisfied the State's burden of proof. See K.S.A. 2020 Supp. 21-6814(b).

10

Before concluding, we pause to summarize the contours of our decision on appeal. Herrera did not object to the presentence investigation reports' list of his previous convictions at sentencing. Because the reports clearly identified his previous misdemeanor convictions, those reports satisfied the State's burden to prove his criminal history under K.S.A. 2020 Supp. 21-6814(b).

Herrera does not argue on appeal that his previous misdemeanor convictions *were* uncounseled. He merely alleges the presentence investigation reports were not sufficient to satisfy the State's burden of proof, and we limit our consideration to that question. Any attempt by Herrera to raise a new argument challenging the process in those previous misdemeanor cases for the first time on appeal would be premature, as there has been no opportunity for Herrera to present testimony or otherwise submit evidence so the district court may resolve this factual question. At least one other panel of the Court of Appeals has dismissed such efforts as unripe. See *Roberts*, 2020 WL 5268197, at *4.

If Herrera decides to challenge the use of his previous misdemeanor convictions on remand or later through a motion to correct an illegal sentence, he—not the State— will bear the burden to show the court applied the wrong criminal history to determine his sentences. K.S.A. 2020 Supp. 21-6814(c); see *Neal*, 292 Kan. at 633.

For these reasons, the district court did not err when—relying on the presentence investigation reports, in the absence of an objection—it included Herrera's misdemeanor convictions in assessing his criminal history at sentencing. Nevertheless, based on the agreement of the parties, we vacate the defendant's sentence and remand the case to the district court to determine whether Herrera's 2012 conviction for criminal threat may be considered during sentencing in light of the Kansas Supreme Court's decision in *Boettger*.

Affirmed in part, sentence vacated, and case remanded with directions.

* * *

HILL, J., dissenting: I must respectfully dissent with the majority's holding that the presentence reports satisfied the State's burden to prove the defendant's criminal history under K.S.A. 2020 Supp. 21-6814(b). I think the district court should address on remand the issue of whether Herrera's misdemeanor convictions can be used in calculating his criminal history, as well.

*State v. Obregon*, 309 Kan. 1267, 1275, 444 P.3d 331 (2019), stands for the idea that a presentence report that does not identify a defendant's prior convictions does not satisfy the State's burden to prove that defendant's criminal history. The lack of an objection by the defendant does not mean the State is home-free from having to prove that history. This is the same reasoning I followed in *State v. Beltran*, No. 121,200, 2020 WL 7409937, at *2-4 (Kan. App. 2020) (unpublished opinion).

We are vacating his sentence and remanding, anyway. I would not limit the district court to consider only whether Herrera's 2012 conviction for criminal threat may be considered during sentencing given the Kansas Supreme Court's decision in *State v. Boettger*, 310 Kan. 800, 822-23, 450 P.3d 805 (2019), *cert. denied* 140 S. Ct. 1956 (2020). I would have the district court consider whether the misdemeanor convictions can be used, as well.