NOT DESIGNATED FOR PUBLICATION

No. 123,780

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSHUA MATTHEW STUBBY,
*Appellant*.


MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed December 17, 2021. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Kimberly A. Rodebaugh*, senior assistant district attorney, *Thomas R. Stanton*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., MALONE, J., and JAMES L. BURGESS, S.J.


PER CURIAM:  Joshua Matthew Stubby pled guilty to two counts of stalking and two counts of violation of protection from abuse order. The district court granted him a downward dispositional departure from a presumptive prison sentence to 12 months' probation. After many probation violations, the district court revoked Stubby's probation and ordered him to serve his original 14-month prison sentence. Stubby does not appeal the probation revocation but argues that his original sentence is illegal because the district court converted six misdemeanor convictions in his criminal history into two person felonies without requiring the State to prove that the misdemeanors were counseled. But

1

because Stubby did not raise this objection at or before his original sentencing, the burden is on him to prove the error in his criminal history. *State v. Roberts*, 314 Kan. ___, Syl. ¶ 6, 2021 WL 5409140, at *1 (No. 121,682, filed November 19, 2021). He fails to do so. Thus, we reject Stubby's sentencing claim and affirm the district court's judgment.

FACTS

Stubby pled guilty to two counts of stalking, a severity level 9 person felony, and two counts of violation of a protection from abuse order, a class A misdemeanor. As part of a plea agreement, the State agreed to recommend the low number in the grid box and to not oppose concurrent sentences. Stubby's presentence investigation (PSI) report scored his criminal history as B, based on six misdemeanor convictions converted into two person felonies. Stubby filed a motion for a dispositional departure sentence.

At the sentencing hearing, Stubby did not object to his criminal history score of B or to the validity of any of his prior convictions listed in the PSI report. The district court sentenced Stubby to a controlling term of 14 months' imprisonment but granted his motion for a dispositional departure and placed him on probation for 12 months.

Stubby violated the conditions of his probation and served intermediate sanctions. After Stubby committed more violations, the district court revoked his probation and ordered him to serve his original sentence. Stubby timely filed a notice of appeal.

ANALYSIS

For the first time on appeal, Stubby claims that "[t]he State failed to present any evidence that [he] was represented by counsel in any of his six misdemeanor convictions and as a result, the district court erred by converting those convictions to two person felonies for criminal history purposes." Stubby asserts that his sentence is illegal under

K.S.A. 22-3504, and he asks that we remand his case for resentencing. He correctly asserts he can challenge the legality of his sentence for the first time in an appeal from a probation revocation. *State v. Dickey*, 305 Kan. 217, 220, 380 P.3d 230 (2016).

An illegal sentence is one that is "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." K.S.A. 2020 Supp. 22-3504(c)(1). "[W]here there has been a misclassification of a prior conviction, the resulting sentence is illegal and can be corrected at any time pursuant to K.S.A. 22-3504." *Dickey*, 305 Kan. at 220.

The State argues that when Stubby admitted to his criminal history score the State's burden of proving the constitutionality of Stubby's prior convictions was satisfied. The State asserts that under K.S.A. 2020 Supp. 21-6814, the burden shifted to Stubby to prove that his past convictions were uncounseled, and he failed to do so.

Whether a sentence is illegal under K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019). Similarly, the classification of prior convictions for criminal history purposes involves interpretation of the revised Kansas Sentencing Guidelines Act (KSGA). Statutory interpretation is a question of law subject to unlimited review. *State v. Wetrich*, 307 Kan. 552, 555, 412 P.3d 984 (2018).

Under the KSGA, a defendant's sentence depends on the severity level of the crime of conviction and the defendant's criminal history score. K.S.A. 2020 Supp. 21-6804(d). A person's criminal history score is based on their prior convictions. K.S.A. 2020 Supp. 21-6810. The sentencing court can convert every three class A and class B person misdemeanors to a single person felony for criminal history purposes. K.S.A. 2020 Supp. 21-6811(a). But an uncounseled misdemeanor conviction cannot be used to

3

enhance a sentence in a subsequent criminal proceeding unless the right to counsel was waived. *State v. Tims*, 302 Kan. 536, Syl. ¶¶ 1-2, 355 P.3d 660 (2015).

To establish a defendant's criminal history, the State must prove the criminal history by a preponderance of the evidence unless the offender admits to it. K.S.A. 2020 Supp. 21-6814(a). If the offender does not object to the PSI report's summary of the criminal history, then the report satisfies the State's burden of proof. K.S.A. 2020 Supp. 21-6814(b). But if the offender objects to that summary, the State bears the burden of proving the disputed portion of the criminal history through more evidence. If the offender "later challenges" the criminal history, the burden shifts to the offender to prove the criminal history by a preponderance of the evidence. K.S.A. 2020 Supp. 21-6814(c).

Stubby's PSI report showed that he had a criminal history score of B. To receive a criminal history score of B, a defendant must have two adult convictions or juvenile adjudications for person felonies. K.S.A. 2020 Supp. 21-6809. Stubby's criminal history score of B stemmed from converting six misdemeanors into two person felonies under K.S.A. 2020 21-6811(a) (allowing conversion of every three person misdemeanors to a single person felony for scoring criminal history).

Stubby now claims for the first time on appeal that his sentence is illegal because the district court converted the six misdemeanor convictions into two person felonies without requiring the State to prove the misdemeanors were counseled. Stubby asserts that the prior misdemeanor convictions *may* have been uncounseled, rendering the convictions unconstitutional. The State argues that it met this burden of proving the convictions were valid when Stubby failed to object to his PSI report at sentencing.

Resolution of Stubby's claim depends on which party has the burden of proving there was an error in Stubby's criminal history at this stage of the proceedings. In a case of first impression, the Kansas Supreme Court recently held that a criminal defendant

4

who collaterally attacks a sentence enhanced by prior convictions bears the burden of proving the prior convictions were uncounseled if the defendant did not object to the validity of the prior convictions at or before sentencing. *Roberts*, 314 Kan. ___, Syl. ¶ 6, 2021 WL 5409140, at *1.

In *Roberts*, the district court converted three prior misdemeanor convictions to a single person felony conviction to sentence Roberts. The conversion of the misdemeanors raised Roberts' criminal history score from C to B. Roberts did not object to his criminal history score at sentencing, and the district court placed him on probation. After Roberts' probation was later revoked, he argued for the first time on appeal that his sentence was illegal because the State did not prove that the prior misdemeanor convictions used to enhance his sentence were counseled or that he waived his right to counsel.

Roberts argued that because the State has a statutory duty to establish an offender's criminal history in court, the State must affirmatively show that prior convictions were constitutionally valid before using them to enhance his current sentence. The State argued that under K.S.A. 2020 Supp. 21-6814(b), if the offender does not provide written notice of any errors in the criminal history worksheet at or before sentencing, then the State has met its burden of proving an offender's criminal history. The State asserted that once it met its burden, the burden shifts to the offender in later challenges to the criminal history.

In deciding the case, the *Roberts* court examined the plain language of the controlling statutes and reviewed existing caselaw. The court synthesized its prior holdings into one legal proposition:

> "[I]f a defendant—after sentencing—makes a claim that the sentence is illegal based on a challenge to the constitutional validity of prior convictions due to the absence of counsel in the prior convictions, the defendant has the burden to show he or she did not waive

counsel and did not have the benefit of counsel at the prior convictions." *Roberts*, 2021 WL 5409140, at *9.

The court also found that if a defendant does not follow the statutory procedure to object to their criminal history at or before sentencing, then a "'presumption of regularity'" attaches to a final judgment entered in a prior case and the defendant bears the burden of producing evidence to rebut that presumption. *Roberts*, 2021 WL 5409140, at *6. Because Roberts did not object to his criminal history summarized in his PSI report at or before sentencing, the burden was on him on appeal to prove that his prior misdemeanors were constitutionally invalid. Roberts did not satisfy this burden and so our Supreme Court affirmed the dismissal of his appeal. *Roberts*, 2021 WL 5409140, at *11.

*Roberts* controls the outcome of Stubby's appeal. Because Stubby did not object to his criminal history summarized in his PSI report at or before sentencing, the burden is now on him to prove that his prior misdemeanor convictions were constitutionally invalid. Stubby has not come forward to satisfy this burden. As a result, we reject Stubby's sentencing claim and affirm the district court's judgment.

Affirmed.

6