NOT DESIGNATED FOR PUBLICATION

No. 127,954

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SARAH BERNICE JAMES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Submitted without oral argument. Opinion filed August 15, 2025. Reversed and remanded with directions.

*Merideth J. Hogan*, of Kansas Appellate Defender Office, for appellant.

*Ryan J. Ott*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before CLINE, P.J., MALONE and PICKERING, JJ.

PER CURIAM: Sarah Bernice James appeals the district court's decision to revoke her diversion agreement with the State after it alleged she violated the law during the term of the agreement. Upon finding that James violated the agreement, the district court found her guilty of drug crimes after a bench trial on stipulated facts. For the reasons explained below, we agree with James that the State presented insufficient evidence to show that James violated the diversion agreement. Thus, we reverse and remand with directions for the district court to set aside James' convictions and vacate her sentence.

1

FACTUAL AND PROCEDURAL BACKGROUND

On September 27, 2021, the State charged James with possession of methamphetamine, possession of methamphetamine with no drug tax stamp, possession of marijuana, and possession of drug paraphernalia. On February 9, 2022, the district court stayed further action in the case for two years because the parties had entered into a diversion agreement where the State agreed to dismiss the charges in exchange for James conforming to the agreement's terms. The district court ordered that the case would be dismissed 30 days after the stay had been lifted absent the State seeking to revoke the diversion agreement. The diversion agreement was entered into the record on April 14, 2022. Among other conditions, the agreement included a provision that James "[r]efrain from violating any laws—federal, state, or municipal." It also provided that James must report any contact with law enforcement to the county attorney's office within 48 hours.

On March 8, 2024, just before the case was set to be dismissed under the February 9, 2022 order, the State moved to revoke the diversion agreement and proceed to a bench trial on stipulated facts. The State claimed James had violated the conditions of the diversion agreement by being convicted of a criminal offense on August 15, 2022.

The district court held a hearing on May 8, 2024, and first addressed the State's claim that James had violated the conditions of her diversion agreement. The only evidence the State presented was an exhibit including a journal entry and waiver of counsel showing that James had been convicted of no proof of insurance and illegal tag in Abilene Municipal Court on August 15, 2022. The State argued the exhibit established that James violated the conditions of her diversion agreement by violating the law and also by failing to report contact with law enforcement to the county attorney's office. James countered that she had substantially complied with the conditions of the diversion agreement because the State had not filed its motion to revoke until the last possible day before the case was set to be dismissed. She also argued the State's evidence was

2

insufficient to show a violation of the diversion agreement because it only included the August 15, 2022 conviction date, but not the date James committed the offenses.

After hearing the arguments, the district court found the State failed to show a violation based on James' failure to report contact with law enforcement. But it found the municipal court journal entry established that James had violated her diversion agreement by violating the law during the term of the agreement. Accordingly, the district court revoked the diversion agreement and proceeded to a bench trial on stipulated facts.

The State then offered into evidence another exhibit consisting of a packet of documents, including the diversion agreement, stipulated facts, and law enforcement reports supporting the underlying drug charges. The exhibit also included a report and uniform notice to appear indicating the offenses associated with the August 15, 2022 municipal court convictions occurred during the diversion term on July 23, 2022.

The district court found James guilty of all four counts. At a later hearing, the district court imposed a controlling sentence of 11 months' imprisonment but granted probation for 12 months. James timely appealed the district court's judgment.

ANALYSIS

James raises two closely related claims on appeal. She first claims the district court incorrectly interpreted the diversion agreement by adding a new term to the contract to allow the court to find that the municipal court conviction alone was enough to show she violated the diversion agreement. She next claims the State presented insufficient evidence that she committed a new crime while on diversion. James does not argue that the stipulated evidence at the bench trial did not support her convictions—she argues only that the evidence was insufficient to revoke her diversion in the first place.

3

The State argues that James failed to preserve her first claim by raising the contract interpretation argument in district court, but even if the issue is preserved, the State argues that the district court did not alter the diversion agreement by adding a new term. As for James' second claim, the State argues that it presented substantial competent evidence to prove by a preponderance of the evidence that James violated the law while on diversion. Alternatively, the State argues that any error in revoking the diversion agreement was harmless in light of the entire record.

A diversion agreement is a contract between the State and the defendant providing formal conditions that the defendant must satisfy to have criminal charges dismissed. K.S.A. 22-2906(d). If the defendant fails to meet the conditions of the agreement, then it will be revoked, and the original criminal proceedings will resume. *State v. Tims*, 302 Kan. 536, 542, 355 P.3d 660 (2015). The State bears the burden to show by a preponderance of the evidence that the diversion agreement has been breached before a stay will be lifted and the criminal proceedings will resume. *State v. Dowdell*, No. 124,620, 2023 WL 3262432, at *6 (Kan. App. 2023) (unpublished opinion).

This court reviews the terms of a diversion agreement as it would interpret any other civil contract. *Tims*, 302 Kan. 536, Syl. ¶ 7. "'The primary rule for interpreting written contracts is to ascertain the parties' intent. If the terms of the contract are clear, the intent of the parties is to be determined from the language of the contract without applying rules of construction.'" *Waste Connections of Kansas, Inc. v. Ritchie Corp.*, 296 Kan. 943, 963, 298 P.3d 250 (2013). Contract interpretation is a question of law subject to unlimited review. 296 Kan. at 963.

Appellate courts review whether a diversion agreement was breached as a question of fact. Thus, this court reviews the district court's factual findings to determine whether they were supported by substantial competent evidence. *Dowdell*, 2023 WL 3262432, at *6. Substantial competent evidence refers to legal and relevant evidence that a reasonable

4

person could accept as being adequate to support a conclusion. *State v. Smith*, 312 Kan. 876, 887, 482 P.3d 586 (2021). But "if the relevant circumstances before the district court are undisputed, fact questions may be resolved by the appellate court de novo." *Simpson v. City of Topeka*, 53 Kan. App. 2d 61, 68, 383 P.3d 165 (2016).

Although James has raised two issues on appeal, her overarching claim is that the district court's finding that she violated the diversion agreement is not supported by substantial competent evidence because the municipal court journal entry showing the August 15, 2022 conviction date did not establish by a preponderance of the evidence that she violated the law during the term of the agreement. This claim is preserved because James argued in district court that the journal entry of conviction in municipal court did not indicate the date the offenses were committed.

The State counters that evidence of James' August 15, 2022 conviction shows that James violated the law. And the conviction made it more likely than not that she violated the law during the term of the diversion agreement. Thus, the State argues that it proved James violated the diversion agreement by a preponderance of the evidence. But the State ignores a necessary element that the agreement must have been violated during the time it was in effect. The State instead focuses only on the fact that a conviction signified that James had violated the law, but glosses over the necessary question of *when* James violated the law. The State presented no evidence of when James violated the law, so it failed to meet its burden to show she violated the law during the term of the agreement.

To cover that deficiency, the State also argues that even if the decision to revoke the agreement was not supported by substantial competent evidence, the error in revoking the agreement was harmless. Immediately after the district court revoked the agreement, it proceeded to hold a bench trial on stipulated facts. The State then offered an exhibit consisting of several documents, including a citation showing that James committed the no proof of insurance and illegal tag violations on July 23, 2022—within the diversion

term. The State claims that because evidence showing the date James committed the offenses was eventually admitted at the hearing, any error in revoking the agreement was harmless. In support, the State cites the general rule that it must show harmlessness in light of the entire record. *State v. McCullough*, 293 Kan. 970, 983, 270 P.3d 1142 (2012).

As part of its harmless error argument, the State asserts that it would have offered the second exhibit showing when James committed the driving offenses to support the claim that she violated the diversion agreement "but the district court cut off the prosecutor before the evidence could be admitted." The record contradicts the State's claim. The record reflects that after the district court admitted State's Exhibit 1 during the diversion revocation hearing, the prosecutor asked whether the diversion agreement included in State's Exhibit 2 had previously been filed with the court. The judge correctly replied that the diversion agreement was filed with the court, so the prosecutor did not move to admit State's Exhibit 2 until the bench trial on stipulated facts. It is incorrect to say that the district court cut off the prosecutor from offering any evidence the State wanted to offer to prove that James had violated the diversion agreement.

We reject the State's argument that any error in revoking the diversion agreement was harmless. The State appears to suggest that because this court must consider the entire record, and because the missing evidence that James violated the law while on diversion is part of the entire record, this court should find the error harmless. This is a misapplication of the harmless error rule, which typically applies to an error in the admission or exclusion of evidence and not to a sufficiency of the evidence claim. See K.S.A. 60-261. The State failed to present substantial competent evidence to support the claim that James violated the diversion agreement, and it does not matter that stipulated evidence presented in the bench trial supplied the missing link. This failure cannot be viewed as a technical error. See K.S.A. 60-2105. The State's evidence to prove the diversion violation and the stipulated evidence at the bench trial to prove the underlying drug charges are separate issues. Because the State failed to prove by even a

6

preponderance of the evidence that James violated the diversion agreement, the district court should not have proceeded to the bench trial on stipulated facts in the first place.

Finally, the State argues in passing that the case should be remanded to allow the State to present its complete evidence that James violated the diversion agreement and that the agreement should be revoked. James replies that this court should find the State is limited on remand to only the evidence which was already provided at the revocation hearing. This issue is not adequately briefed by either party and more importantly, the issue is not ripe for analysis in this appeal. Although we are remanding for further proceedings, we make no ruling on the scope of those proceedings in this appeal. Whether the State can proceed with its motion in district court to revoke the diversion agreement and whether it can present additional evidence to support such a motion are issues that must first be addressed by the district court before the issues are ripe for appeal. We simply reverse the district court's judgment and remand with directions for the district court to set aside James' convictions and vacate her sentence.

Reversed and remanded with directions.