NOT DESIGNATED FOR PUBLICATION

No. 126,504

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BLAKE WAYNE FEIKERT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Cheyenne District Court; PRESTON A. PRATT, judge. Opinion filed August 30, 2024. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before GARDNER, P.J., GREEN and HILL, JJ.

PER CURIAM: We are called on to determine whether the district court erred when it revoked Blake Wayne Feikert's probation and diversion and when it relied on his criminal history to calculate his sentence. We granted Feikert's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). The State did not respond to his motion. We affirm.

*Factual and Procedural Background*

In October 2021, Feikert pled guilty to six misdemeanors—three counts of criminal restraint and three counts of endangerment—and was placed on diversion for three felony charges for aggravated assault with a deadly weapon. For the misdemeanors,

1

the district court sentenced Feikert to 24 months in jail but suspended that sentence and placed Feikert on probation for 24 months. For the felonies, he was placed on diversion for 24 months.

In June 2022, Feikert committed three probation violations when he: (1) engaged in threats of physical violence or violence of any sort, (2) failed to report to his supervising officer as directed, and (3) left the state without a written permission to do so. In July 2022, Feikert allegedly committed two new offenses—criminal threat against a law enforcement officer and harassment by telecommunication device. When the State moved to revoke Feikert's probation and diversion, Feikert stipulated to violating the terms of his probation and diversion agreement, waived his right to preliminary hearing on the felonies, and pled guilty to the previously diverted charges of three counts of aggravated assault with a deadly weapon.

Because of Feikert's stipulations, the district court revoked his probation and diversion. The district court determined that Feikert's criminal history score was B. For his misdemeanor convictions (for which Feikert was on probation), the district court sentenced him to 24 months in county jail. For his felony convictions (for which Feikert was on diversion), the district court sentenced him to 29 months' imprisonment. Under an agreement between Feikert and the State, his jail time was ordered to be served concurrently with his prison sentence.

Feikert now timely appeals.

Feikert argues that the district court abused its discretion when it revoked his probation and ordered him to serve his underlying sentence, when it revoked his diversion, and when it used his previous criminal history without having a jury determine the validity of his prior convictions.

2

*Did the District Court Err in Revoking Feikert's Probation?*

Once the State has proven a probation violation by a preponderance of the evidence, the district court has discretion to revoke probation and impose the underlying sentence, unless otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022).

This court reviews the district court's revocation of probation for an abuse of discretion. "A court abuses its discretion if the judicial decision (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; (3) or is based on an error of fact. [Citation omitted.]" *Tafolla*, 315 Kan. at 328. As the party asserting an abuse of discretion, Feikert bears the burden of establishing such abuse of discretion. See 315 Kan. at 328.

Feikert cannot show that the district court's ruling was based on an error of law or an error of fact standard. Also, Feikert cannot show that the court's decision to revoke his probation was arbitrary, fanciful, or unreasonable under that particular standard. Here, based on Feikert's violating the terms of his probation and diversion agreement, he has failed to meet his burden to show that the district court abused its discretion when it revoked his probation and ordered him to serve his underlying jail sentence.

*Did the District Court Err in Revoking Feikert's Diversion?*

K.S.A. 22-2911 lays out the process when a defendant fails to fulfill a diversion agreement. Specifically, K.S.A. 22-2911(a) provides:

> "If the county or district attorney finds at the termination of the diversion period or any time prior to the termination of the diversion period that the defendant has failed to fulfill the terms of the specific diversion agreement, the county or district attorney shall inform the district court of such finding and the district court, after finding that the

3

defendant has failed to fulfill the terms of the specific diversion agreement at a hearing thereon, shall resume the criminal proceedings on the complaint."

The diversion agreement is a contract between the State and Feikert. See *State v. Tims*, 302 Kan. 536, Syl. ¶ 7, 355 P.3d 660 (2015) (interpreting diversion agreements "in accordance with contract principles"). Here, Feikert's diversion agreement provides:

"It is further stipulated and agreed that if [Feikert] violates or fails to complete the terms of this Diversion Agreement then the State will be allowed to file a motion to revoke upon learning of the violation of the terms or within 30 days of the end of the diversion term and if the diversion is revoked then proceedings will continue and any trial in this matter will be on the facts stipulated under this Diversion Agreement."

Under the diversion agreement's terms, "[Feikert agreed] to obey all laws of the United States, the several states and municipalities, the State of Kansas, Cheyenne County, Kansas or the municipalities located therein during the period of this Diversion Agreement." Because Feikert stipulated to committing new crimes while on diversion and because the district court enforced the terms of his contract with the State, the district court properly revoked Feikert's diversion agreement.

*Did the District Court Err in Using Feikert's Criminal History Score During Sentencing?*

This issue has already been decided by our Supreme Court in *State v. Ivory*, 273 Kan. 44, 46-47, 41 P.3d 781 (2002). In *Ivory*, our Supreme Court held that the use of criminal history to calculate the presumptive sentence does not violate due process as interpreted by the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). We are duty-bound to follow our Supreme Court precedent. See *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022).

Affirmed.